UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ANGELIA MARIE JEFFORDS,

                        Plaintiff,

    v.                                              **DECISION AND ORDER**
                                                                        17-CV-77

NANCY A. BERRYHILL, *Acting
Commissioner of Social Security*,

                        Defendant.

## INTRODUCTION

Angelia Marie Jeffords, ("Plaintiff"), represented by counsel, brings this action pursuant to the Social Security Act ("the Act") seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying her application for Supplemental Security Income ("SSI"). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Dkt. Nos. 15, 18.

## BACKGROUND

**A.    Procedural History**

Plaintiff filed an application for SSI alleging disability since January 1, 2007, due to "a stomach problem" and Meniere's disease. Tr. at 63, 87-88.[1] Plaintiff's application was denied, and she requested a hearing before an Administrative Law Judge ("ALJ"). Tr. at 59-64, 67-68. Following a hearing, ALJ Robert T. Harvey issued

---

[1] "Tr." refers to the Social Security Transcripts which appear at Docket No. 7 (Transcript pages 1 through 1025), and Docket No. 14 (Transcript pages 1026 through 1073).

an unfavorable decision on September 28, 2009. Tr. at 10-22. After the Appeals Counsel denied Plaintiff's request for review, she appealed the ALJ's decision to the United States District Court for the Western District of New York. Tr. at 499-503. By Decision and Order entered on September 5, 2012, the Honorable William M. Skretny remanded plaintiff's case to the Social Security Agency ("Agency") for further proceedings. Tr. at 504-18; 519-22; *Jeffords v. Astrue*, 11-CV-620-WMS, Dkt No. 17. Specifically, Judge Skretny found that remand was warranted because the ALJ's decision relied "on records, reports, or opinions that themselves [did] not include any discussion of the plaintiff's limitations and ability to perform work-related activities . . . ." *Jeffords v. Astrue*, 11-CV-620-WMS, Dkt. No. 17, p. 13.

ALJ Harvey conducted a second hearing on May 9, 2013, at which plaintiff changed her alleged onset date to January 1, 2010. Tr. at 465-67. On June 11, 2013, ALJ Harvey issued a second decision concluding that plaintiff was not disabled within the meaning of the Act. Tr. at 443-57. The Appeals Council denied Plaintiff's request for review and Plaintiff once again appealed the ALJ's decision to the district court. Tr. at 436-39, 442. By stipulation of the parties, the matter was remanded to the Agency for further administrative proceedings. Tr. at 822, 823-29.

ALJ William M. Weir held a hearing on January 8, 2016, at which plaintiff, who was represented by counsel, as well as a vocational expert and a medical expert testified. Tr. at 1026-73. On November 21, 2016, ALJ Weir issued a decision finding that Plaintiff was not disabled within the meaning of the Act from January 1, 2010, through the date of his decision. Tr. at 733-52. This action followed. Dkt. No. 1.

The issue before the Court is whether the Commissioner's decision that Plaintiff was not disabled is supported by substantial evidence and free of legal error.

**B.     The ALJ's Decision**

Applying the familiar five-step sequential analysis, as set forth in the administrative regulations created by the Social Security Administration,[2] the ALJ found that: (1) Plaintiff did not engage in substantial gainful activity since January 1, 2010, her alleged onset date; (2) she had a balance disturbance; a depressive disorder, Not Otherwise Specified; and cephalgia (headache), each of which constitutes a severe impairment, as well as diabetes mellitus and hypertension, which were well-controlled with medication; (3) her impairments did not meet or equal the Listings set forth at 20 C.F.R. § 404, Subpt. P, Appx. 1; (4) notwithstanding her limitations, Plaintiff retained the residual functional capacity ("RFC") to perform light work with additional limitations; specifically, Plaintiff can lift and carry up to twenty pounds occasionally

---

[2] *See* 20 C.F.R. §§ 404.1520, 416.920; *Lynch v. Astrue*, No. 07-CV-249, 2008 WL 3413899, at *2 (W.D.N.Y. Aug. 8, 2008) (detailing the five steps).

3

and ten pounds frequently, had no limitations in her ability to sit, stand or walk, but cannot climb ropes, ladders or scaffolds, cannot work at unprotected heights or with dangerous machinery, cannot operate motor vehicles as a work duty, can perform unskilled work with no supervisory duty, no independent decision making and no quota production work; and (5) considering Plaintiff's RFC and vocational factors of age, education, and work experience, she could perform jobs that exist in significant numbers in the national economy, including the jobs of cashier and cafeteria attendant. Tr. at 738-44. Accordingly, the ALJ concluded that Plaintiff was not disabled under the Act.

## DISCUSSION

**A.     Scope of Review**

A federal court should set aside an ALJ's decision to deny disability benefits only where it is based on legal error or is not supported by substantial evidence. *Balsamo v. Chater*, 142 F.3d 75, 79 (2d Cir. 1998). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003) (internal quotation marks omitted).

**B.     ALJ's Treatment of Plaintiff's Impairments**

Plaintiff contends that the ALJ erred in failing to consider evidence related to her other impairments including sleep apnea, carpal tunnel syndrome, irritable bowel syndrome, and hearing loss, and to properly consider the combined effects of these impairments under Subpart

4

P, Appendix 1. Dkt. No. 15-1, p. 17. Plaintiff cites to various records documenting Plaintiff's reports that she suffered from "chronic sinusitis" for which she used a spray (Tr. 363), "right heel pain consistent with chronic plantar fasciitis" or "pins and needles" (Tr. at 639, 699), as well as medical tests revealing that she has "chronic cholecystitis" and "cholesterolosis" of the gallbladder (Tr. at 677-78).[3]

As an initial matter, this Court notes that Plaintiff bears the burden to establish that her impairments were severe in that they "significantly limit [her] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1521, 416.921. While Plaintiff may have suffered intermittent or even chronic symptoms, such as sinus infections or right heel pain, this alone does not show that those symptoms had any impact on her ability to work. A mere diagnosis does not support a finding of disability, absent evidence of how severe claimant's symptoms are or how functionally limiting a claimant's condition is. *Prince v. Astrue*, 514 F. App'x 18, 20 (2d Cir. 2013). Further, an alleged functional impairment must not only be severe but must also meet the 12-month durational requirement. *Barnhart v, Walton*, 535 U.S. 212, 219 (2002); *see also* Social Security Ruling 82-52, p. 106 (cum. ed. 1982) (stating that "[i]n considering 'duration,' it is the inability to engage in [substantial gainful activity] that must last the required 12-month period"). Plaintiff's cited evidence does not show that the symptoms of

---

[3] Plaintiff also cites to the entire social security transcript for the proposition that she had "limiting effects and triggers" such as fatigue and light sensitivity. Dkt. No. 15-1.

which she complained were severe or long lasting enough to disturb the ALJ's conclusion that Plaintiff could perform light work with certain restrictions.

Plaintiff's own testimony belies the argument that these ancillary or lesser conditions caused her to be more restricted in her ability to do work. Plaintiff participated in three administrative hearings related to her disability, in 2009, 2013 and 2016. In 2009, Plaintiff explicitly testified that her only medical conditions were headaches, dizziness, high blood pressure, hearing loss, diabetes and in 2013, depression.[4] Tr. at 38, 474-77. At her July 2009 hearing, Plaintiff denied having any gastrointestinal problems, Tr. at 36, effectively foreclosing any finding that irritable bowel syndrome interfered with her physical ability to do work. During her January 2016 hearing, Plaintiff's counsel conceded that her diabetes was not severe, and her obesity did not cause functional problems. Tr. at 1035-37; see *Zabala v. Astrue*, 595 F.3d 402, 408 (2d Cir. 2010) (holding that an attorney's conduct is imputed to the claimant, absent any evidence that she was coerced or deceived). At that time, Plaintiff's counsel characterized her carpal tunnel syndrome as a "residual" or "minor issue." Tr. at 1036-37. Plaintiff herself testified that to control her carpal tunnel symptoms, she simply wore a brace "when [she's] using [her] right arm a lot," but she could "lift a gallon of milk most of the time." Tr. at 1063. Counsel's representations and Plaintiff's testimony are wholly consistent with the ALJ's finding that the only

---

[4] Plaintiff did not claim to suffer from depression at her 2009 hearing but only later at her 2013 hearing. Tr. at 38, 474-77.

conditions which impaired Plaintiff's ability to work were a balance disturbance, a depressive disorder, and cephalgia.

C.     The ALJ's Evaluation of Medical and Opinion Evidence

Plaintiff argues that the ALJ erred when he afforded "limited weight" to the opinions of Drs. Smith and Pathak, who treated Plaintiff, in favor of the medical expert, Dr. Haddon Alexander, who did not. Dkt. No. 15-1, pp. 20-21. Contrary to Plaintiff's argument, an ALJ is entitled to rely on the findings of non-examining physicians when determining a claimant's RFC under certain circumstances. *See* 20 C.F.R. §§ 404.1527(e)(2)(iii), 416.927(e)(2)(iii); *Hancock v. Barnhart*, 308 F. App'x 520, 521 (2d Cir. 2009) (holding that opinions of medical experts may constitute substantial evidence in support of an ALJ's determination). Provided that it is supported by substantial evidence, the opinion of a non-examining medical expert can even override that of a treating source. *Schisler v. Sullivan*, 3 F.3d 563, 568 (2d Cir. 1993).

This Court finds that the ALJ did not commit reversible error in weighing the opinions of Drs. Smith, Pathak, and Alexander. As a practical matter, Dr. Smith's 2009 and Dr. Pathak's 2007 reports, Tr. at 242-44, 411-16, both predate Plaintiff's amended alleged onset date of January 1, 2010. In this regard, their opinions were of little value in assessing plaintiff's functional capacity during the alleged period of disability. *McKinstry v. Astrue*, 511 F. App'x 110, 112 (2d Cir. 2013) (holding that the ALJ's failure to discuss a treating source statement from outside of the relevant period was harmless). As Plaintiff's disability is alleged to have lasted

several years, the ALJ reasonably relied on Dr. Alexander's opinion "as he is the only person to have evaluated the entire longitudinal record and was subject to cross-examination by the claimant's representative as well as by the Administrative Law Judge." Tr. at 742-43.

Plaintiff does not cite to anything in Drs. Smith's and Pathak's reports that conflicts with the ALJ's conclusion that Plaintiff could perform light work with some restrictions. In fact, Dr. Smith never opined on Plaintiff's workplace limitations. Tr. at 411-16;[5] *see Gray v. Astrue*, No. 06–cv–0456, 2009 WL 790942, at *8 (N.D.N.Y. Mar. 20, 2009) (holding that "[t]he opinion of a treating physician is not entitled to controlling weight where the opinion is not a functional analysis"); *George v. Bowen*, 692 F.Supp. 215, 219 (S.D.N.Y. 1988) (concluding that the treating physician's report was not entitled to controlling weight as it contained no assessment of plaintiff's ability to lift and carry weight). Dr. Smith also suggested that Plaintiff's symptoms could be controlled by medication, a conclusion which was confirmed by treating sources during the alleged disability period. For example, before Plaintiff stopped treating with him in June 2009, Dr. Smith noted that Plaintiff's headache and dizziness were significantly improved with therapeutic doses of Lamictal. Tr. at 403. On March 1, 2010 (during the alleged period of disability), FNP Betker noted that while taking one Lamictal a day, Plaintiff was "doing well," had tolerable dizziness, and reported no headaches. Tr. at 693. In his opinion, the ALJ

---

[5] Notably, the ALJ gave "great weight" to the "Medical Assessment of Ability to Work-Related Activities" rendered by a different treating source, FNP Kimberly Betker, "as it is consistent with the treatment record as well as with the medical expert's testimony." Tr. at 417-19, 743.

discussed both Dr. Smith and FNP Betker's records, and noted the successful use of Lamictal in Plaintiff's treatment.

Dr. Pathak authored his report in November 2007, over two years before Plaintiff's alleged onset date. Tr. at 246. As such, it was not relevant to what work Plaintiff could perform between January 2010 and November 21, 2016. Even if the report was timely, Dr. Pathak stated that Plaintiff's impairments were "variable" and she was capable of low stress jobs. Tr. at 245. This was consistent with the ALJ's finding that Plaintiff could perform light work with some restrictions. For these reasons, this Court finds that the ALJ committed no error in his assessment of the medical opinions.

**C.    The Remand Order from the Appeals Council**

Plaintiff argues that the ALJ failed to develop the medical record as the Appeals Counsel directed and therefore, his conclusion that Plaintiff could perform light work with some restrictions was not supported by substantial evidence. Dkt. No. 15-1, p. 25. In remanding this case on September 9, 2015, the Appeals Counsel directed the ALJ to clarify the relevant period under review; if necessary, to get evidence from a medical expert to clarify claimant's impairments; to further evaluate claimant's mental impairments; to give further consideration to claimant's maximum residual functional capacity and subjective complaints; and to obtain supplemental evidence from a vocational expert. Tr. at 827.

This Court finds that the ALJ met each of these requirements by identifying Plaintiff's alleged amended onset date to January 1, 2010 (Tr. at 738); having a medical expert review Plaintiff's medical record in its entirety and render an opinion regarding her impairments (Tr. at 742-43); discussing plaintiff's history of depression (Tr. at 738, 742); assessing Plaintiff's residual functional capacity and subjective complaints (Tr. at 740-42); and getting testimony from a vocational expert (Tr. at 744). This Court also finds, contrary to Plaintiff's complaint, that the medical record was complete and contained sufficient information for the ALJ to draw reliable conclusions about her residual functional capacity. Plaintiff's medical records are voluminous. And at the close of the final hearing, Plaintiff's counsel stated that she had no other records to submit. Tr. at 1029. "[W]here there are no obvious gaps in the administrative record, and where the ALJ already possesses a 'complete medical history,' the ALJ is under no obligation to seek additional information in advance of rejecting a benefits claim." *Rosa v. Callahan*, 168 F.3d 72, 79 n.5 (2d Cir. 1999); *Micheli v. Astrue*, 501 F. App'x 26, 30 (2d Cir. 2012) (holding that an ALJ was not required to recontact claimant's treating physician, despite discounting his opinion, where the ALJ considered the 500-page record already before him). Accordingly, this Court finds that there was no need for the ALJ to supplement Plaintiff's medical records and his conclusion that she was not disabled within the meaning of the Act is supported by substantial evidence.

## **CONCLUSION**

For the foregoing reasons, the Court finds that the Commissioner's decision is not legally flawed and is based on substantial evidence.

Accordingly, IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 15) is DENIED.

FURTHER, that Defendant's Cross-Motion for Judgment on the Pleadings (Docket No. 18) is GRANTED.

FURTHER, that the Clerk of Court is directed to close this case.

SO ORDERED.


DATED:   Buffalo, New York
         November 27, 2018


                                        *s/ H. Kenneth Schroeder, Jr.*
                                        **H. KENNETH SCHROEDER, JR.**
                                        **United States Magistrate Judge**